IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**BOKF, NA, a National Banking Association,**

      Plaintiff,

vs.                                    Cause No. _____

**FINANCE NEW MEXICO, LLC, a New Mexico limited liability company,**

      Defendant.

## COMPLAINT FOR SPECIFIC PERFORMANCE, BREACH OF FIDUCIARY DUTY AND BREACH OF CONTRACT

COMES NOW Plaintiff BOKF, NA, by and through his attorneys, Modrall Sperling Roehl Harris & Sisk, P.A. (Paul M. Fish), and for its complaint against Defendant Finance New Mexico, LLC, states:

### PARTIES

1.    Plaintiff BOKF, NA, ("BOKF") is a national banking association with its principal place of business in the State of Oklahoma. BOKF, NA and is the successor by merger to Bank of Albuquerque, N.A.

2.    Defendant Finance New Mexico, LLC, ("FNM") is a New Mexico limited liability company with its principal place of business in the State of New Mexico.

3.    New Mexico Finance Authority is a member of FNM. It is a public body and corporate, separate and apart from the State of New Mexico, and is a governmental instrumentality of the State of New Mexico. § 6-21-4 NMSA. As such, for purposes of diversity of citizenship, FNM is a citizen of the State of New Mexico.

4. At one point New Mexico Community Capital, a New Mexico non-profit corporation with its principal place of business in the State of New Mexico, was a member of FNM and may still be a member.

5. Upon information and belief, there are no other members of FNM. If there are, they are citizens of New Mexico.

## JURISDICTION AND VENUE

6. There is complete diversity of citizenship between the Plaintiff on one hand and the Defendant and all members of the Defendant on the other.

7. The amount in controversy exceeds $75,000 exclusive of interest and costs.

8. This Court has jurisdiction over this action. 28 U.S.C. § 1332.

9. The claims at issue in this action arose from agreements formed in New Mexico and relate to real property in New Mexico. Venue is, therefore, proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

10. BOKF has a 99.99% membership interest in Finance New Mexico-Investor Series V, LLC, a New Mexico limited liability company ("Investor-Series V") and is the "Investor Member" of Investor-Series V.

11. FNM has a 0.01% membership interest in Investor-Series V and is the "Manager" of Investor-Series V.

12. As Manager of Investor-Series V, FNM was paid significant fees to perform its duties and obligations.

**A. El Paseo Las Cruces Investment Documents**

13. FNM is the current holder of three promissory notes ("the Notes"), all originally dated July 16, 2010, totaling $12,125,000, and all of which were fully due and payable on July 16, 2017. The face principal amounts of the three Notes is as follows:

   a. Note A – $8,800,000, and amended on June 3, 2014.

   b. Note B - $2,837,250.

   c. Note C - $487,750.

14. The Notes were secured by a Mortgage, Security Agreement and Fixture Filing (the "Mortgage") on the certain real property located in Las Cruces, Dona Ana County, New Mexico, Uniform Commercial Code ("UCC") filing and a Guaranty Agreement (the "Guaranties") executed by a number of trusts and individuals. The Notes, the Mortgage, the UCC, the Guaranties and all other documents evidencing or securing the Notes are referred to as the "El Paseo Las Cruces Investment Documents."

15. Pursuant to § 7.03(b) of the Finance New Mexico-Investor Series V, LLC, Amended and Restated Operating Agreement (the "Operating Agreement") dated as of July 16, 2010, a copy of which is attached hereto as Exhibit A, upon demand by BOKF, FNM was required to distribute in kind and properly assign to BOKF the El Paseo Las Cruces Investment Documents.

16. Such distribution and assignment shall be made within ten (10) business days following the delivery of such written demand, provided that concurrently with such distribution and assignment, the Manager shall receive a cash distribution in an amount equal to 0.01% of the unpaid principal balance of the El Paseo Las Cruces Investments.

17. On September 11, 2017, BOKF made demand upon FNM for distribution and assignment of the El Paseo Las Cruces Investment Documents and provided a check in the

3

amount of $1,212.50 for purposes of ensuring that FNM would receive the distribution of cash provided in § 7.03(b).

18. FNM has refused to properly assign and distribute the El Paseo Investment Documents as required by the Operating Agreement.

19. The originals of the Notes (including amendments) should be distributed and turned over to BOKF together with a properly executed endorsement by Investor-Series V reading: "Pay to the Order of BOKF, successor in merger to Bank of Albuquerque, without recourse."

20. The Mortgage and the Guaranties and all other documents evidencing or securing the Notes should be assigned by the execution of an appropriate form.

21. The UCC-1 financing statement should be assigned by the filing of an appropriate form of assignment.

22. Despite demand for performance as required, FNM has refused to take the actions necessary to turn over the Notes to BOKF, to assign the Mortgage and the Notes, to execute and file the appropriate UCC-1 financing statement, to assign the Guaranty Agreement, or assign any other documents evidencing or securing the Notes.

**B. Financial Statements and Reports**

23. Section 7.10 of the Operating Agreement requires FNM as Manager to maintain, preserve and deliver to the Investor Member (BOKF) certain financial statements, including quarterly reports including the following:

    a. A balance sheet, statement of income or loss and statement of cash sources and applications.

    b. A report of the balance in each account required to be maintained and any reduction or termination of any Reserve (as defined in the Operating Agreement).

    c. A report of any notice of a material fact which may substantially affect distributions pursuant to the Operating Agreement.

    d. A report of the activities and investments of Investor-Series V during the quarter and a description of all transactions between Investor-Series V and the Manager or any affiliate of the Manager, including any fees, commissions, compensation or other remuneration and reimbursed expenses paid by FNM to such.

    e. A report of any other material information.

24. BOKF has demanded that FNM deliver to BOKF the financial statements and reports as required by §7.10 of the Operating Agreement.

25. Upon information and belief, FNM has failed to maintain, preserve and deliver all of the financial statements and reports as required by §7.10 of the Operating Agreement.

**C. Mismanagement**

26. The Notes all became July 16, 2017.

27. Despite the fact the Notes are in default, FNM has taken no action to protect the interests of BOKF in the loan.

28. By refusing to turn over the El Paseo Las Cruces Investment Documents, FNM has precluded BOKF from being able to pursue collection or negotiate some sort of forbearance agreement with the maker of the Notes.

29. The actions of FNM with regard to its refusal to assign and deliver the El Paseo Las Cruces Investment Documents and its failure to take any action with regard to them was

done in bad faith and an inappropriate effort to be paid fees to which it was not entitled. Its actions constitute negligence, breach of fiduciary duty, gross negligence, willful misconduct, malfeasance and/or a material breach of its duties and obligations.

30.     The Operating Agreement, § 3.01, required FNM to "take all actions necessary or appropriate to protect the interests of the Investor Manager and [Investor-Series V].

## COUNT I - SPECIFIC ENFORCEMENT

31.     BOKF incorporates herein by reference the preceding paragraphs of this Complaint.

32.     BOKF's interests in Investor-Series V are unique, and BOKF does not have an adequate remedy at law.

33.     BOKF has performed all actions which BOKF is required to perform pursuant to any agreements or contracts related to its interests in Investor-Series V.

34.     In the alternative, if BOKF has not performed all actions necessary to take to effectuate its rights related to its interests in Investor-Series V and the El Paseo Las Cruces Investment Documents, BOKF will perform those actions.

35.     FNM has failed or refused to take the actions which it is obligated to take and which are necessary to protect BOKF's rights.

36.     Because BOKF does not have an adequate remedy at law and will suffer irreparable harm by being deprived of its rightful interests and by, upon information and belief, being deprived of information as required to be maintained, preserved and distributed pursuant to §7.10 of the Operating Agreement BOKF is entitled to judgment requiring FNM to specifically perform the following:

> a. Distribute and properly assign to BOKF in kind the El Paseo Las Cruces Investment and all of the El Paseo Las Cruces Investment Documents.

   b. Maintain, preserve and deliver to BOKF those certain financial documents as required by §7.10 of the Operating Agreement to the extent they exist.

37. In the alternative, if the Court determines that it will not enter a decree for specific performance as requested in Count I of this Complaint, or otherwise determines that BOKF has an adequate remedy at law, BOKF has sustained and will sustain damages a result of FNM's breaches of its contractual duties.  Therefore, BOKF is entitled to recover damages from FNM any and all damages, costs and attorney's fees to the extent permitted by law and resulting from FNM's breaches of its contractual duties.

### COUNT II - BREACH OF CONTRACT AND FIDUCIARY DUTY

38. BOKF incorporates herein by reference the preceding paragraphs of this Complaint.

39. FNM breached its fiduciary duty to BOKF and Investor-Series V.

40. FNM has failed to perform the contractual duties it was assigned by the Operating Agreement.

41. FNM was and is obligated to, among other obligations, take all actions necessary or appropriate to protect the interests of BOKF as set forth in §3.01 of the Operating Agreement, and to maintain, preserve, and deliver to BOKF certain financial statements as set forth in §7.10 of the Operating Agreement.

42. FNM has breached these obligations by failing to maintain, preserve and deliver to BOKF certain financial documents as required by §7.10 of the Operating Agreement.

43. FNM has breached these obligations by failing to take action to enforce the rights of BOKF and Investor-Series V with regard to the Notes which are past due and in default.

44. Because of its breaches of contract, FNM should return all fees previously paid to it in connection with this matter.

45. BOKF has suffered damages which will be proven at trial.

WHEREFORE, Plaintiff BOKF respectfully requests that the Court enter Final Judgment granting BOKF the following relief:

1. A Decree for Specific Performance Requiring FNM to Transfer by delivery and appropriate assignment the El Paseo Las Cruces Investment Documents,

2. Order that FNM return all fees paid to it in connection with Investor-Series V,

3. Damages as proven at trial.

4. Award BOKF attorney's fees and costs associated with this action; and

5. Grant such other and further relief as this Court may deem proper and in accordance with applicable law.

Respectfully Submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Paul M. Fish*
   Paul M. Fish
   Nathan T. Nieman
   Post Office Box 2168
   500 Fourth Street NW, Suite 1000
   Albuquerque, New Mexico 87103-2168
   Telephone: (505) 848-1800
   *pfish@modrall.com*
   *Attorneys for BOKF, NA*